ANSTEAD, Judge,
specially concurring.
I agree that appellant’s conviction should be affirmed and that appellant has not demonstrated error in the admission of the prior consistent statement of the witness, Byrnes. Before trial, but well after giving the prior consistent statement, Byrnes entered into a plea bargain with the state whereby he would plead guilty to lesser charges in exchange for his cooperation in testifying against the appellant. Appellant’s counsel impeached Byrnes’ testimony at trial by questioning Byrnes as to the plea bargain as well as numerous inconsistencies in Byrnes’ trial testimony and previous statements. By doing so, I agree with the contention set out in the state’s brief that this impeachment served as a proper predicate for the admission of Byrnes’ previous statement:
*342 During cross-examination, defense counsel impeached the witness numerous times by asking him about his plea bargain with the State in return for his testimony in the trial (R. 888,950-951); the difference in his first statement to the police and his testimony at the trial (R. 893-895,918,); the difference between his second statement to the police and his testimony at trial (R. 953); and the difference between the testimony he gave at the deposition and his testimony at trial (R. 953-980). There is no doubt that this was an express charge against him of improper influence, (the plea bargain), motive, (the terms of the bargain), or recent fabrication (again the plea bargain).